IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICKEY GRANDY,

    Plaintiff,

v.

WARDEN, MICHAEL BAENEN,
DR. RICHARD HEIDORN, M.D.,
JEANANNE ZWIERS ("MANAGER"),
R.N. MARY, OFFICIAL EVWARE AND
OFFICIAL SCHISEL,

    Defendants.

ORDER

Case No.  14-cv-42-wmc

    In a February 6, 2014 order, this court gave plaintiff Rickey Grandy an extension of time until March 10, 2014 to submit his six month trust fund account statement for the period beginning approximately August 21, 2013 and ending approximately January 21, 2014 so that the court can calculate an initial partial payment of the fee for his recently filed complaint.  Plaintiff has not submitted a trust fund account statement.  Instead, he has filed a motion asking this court to order W.C.I. officials to provide the court with a certified trust account statement.  In addition, plaintiff asks the court to order the W.C.I. business office to reevaluate the denial of plaintiff's legal loan.

    In his motion, plaintiff states that he has requested a copy of the trust fund account statement and has been denied because he has no funds for copies and that his request for a legal loan was denied because of other purchases plaintiff made in December, 2013.

    The requirement that a prisoner supply this court with a six-month trust fund account statement is statutory under 28 U.S.C. § 1915 (a)(2).  Congress has dictated the manner in which how fees are calculated for prisoners filing federal lawsuits and appeals, and this court

has no discretion to modify this method. Furthermore, the court has no authority to order the institution to provide plaintiff with a copy of his account statement. The institution is within its rights to charge plaintiff a fee to obtain a copy of the account statement and it is plaintiff's responsibility to work with the institution to obtain the necessary trust account statement to send to the court. Thus far, plaintiff's lack of a legal loan has not appeared to otherwise impede his litigation of this case. Plaintiff appears to have the means to pay for writing and mailing supplies as he has sent several submissions to this court including an amended complaint in this case.

If, after plaintiff repeats his requests to institution officials for a copy of his trust account statement and provides them with copies of this order and the January 27, 2014 and February 6, 2014 orders, and his request is denied, then plaintiff may renew his motion for court intervention. Such renewed motion must be accompanied by written proof – that is copies of plaintiff's written requests to institution staff and their written responses to plaintiff – showing that the institution has refused plaintiff's request for a trust account statement.

Because plaintiff has three weeks until the March 10, 2014 deadline for him to submit his trust fund account statement to the court, no further action will be taken at this time. Plaintiff is reminded that his trust fund account statement should cover the period beginning approximately August 21, 2013 and ending approximately January 21, 2014. Once plaintiff has submitted the necessary statement, the court will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under § 1915(e)(2). If plaintiff fails to provide his statement, this case will be closed.

ORDER

IT IS ORDERED that plaintiff Rickey Grandy's motion for a court order directing W.C.I. officials to provide this court with his trust fund account statement is DENIED. Plaintiff has until March 10, 2014, in which to submit a trust fund account statement for the period beginning August 21, 2013 and ending approximately January 21, 2014. If, by March 10, 2014, plaintiff fails to respond to this order, this case will be closed without prejudice to plaintiff's filing his case at a later date.

Entered this 14th day of February, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge