IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICKEY GRANDY,

                Plaintiff,                          ORDER

      v.                                              14-cv-42-wmc

MICHAEL BAENEN, *et al.*,

                Defendants.

Plaintiff Rickey Grandy is presently incarcerated by the Wisconsin Department of Corrections at the Waupun Correctional Institution. Plaintiff recently filed this proposed civil action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the Green Bay Correctional Institution, where he was formerly assigned. Plaintiff has been found eligible to proceed without prepayment of the filing fee for purposes of the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a), and his complaint is now pending before the court for screening as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A.

Noting that the original complaint was prepared by another inmate, plaintiff has now filed a motion for an extension of time, up to and including May 28, 2014, in which to file an amended complaint with corrected information. (Dkt. # 14). Alternatively, assuming that leave to amend is not allowed, plaintiff moves to voluntarily dismiss the complaint pursuant to Fed. R. Civ. P. 41(a). Having considered the original complaint, the court will deny plaintiff's motion for leave to amend and dismiss this case without prejudice for reasons set forth briefly below.

First, plaintiff's motion for leave to amend must be denied because he has not

provided a proposed amended complaint under 28 U.S.C. § 1983 along with his request for leave to amend. A litigant's failure to submit a proposed amended pleading dooms his request for leave to amend. *See Hecker v. Deere & Co.*, 556 F.3d 575, 590-91 (7th Cir. 2009); *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 401 (7th Cir. 2006); *Twohy v. First Nat'l Bank of Chi.*, 758 F.2d 1185, 1197 (7th Cir. 1985).

Second, although the court could allow an extension of time to submit a new complaint, an amendment is not likely to cure a defect found in the original pleadings. In that respect, plaintiff's claims clearly concern the conditions of his confinement at the Green Bay Correctional Institution, which is located in the United States District Court for the Eastern District of Wisconsin. *See* 28 U.S.C. § 130(a). The facility where plaintiff is confined (Waupun Correctional Institution) is also located in the Eastern District of Wisconsin. Accordingly, this case was improperly filed in the Western District. *See* 28 U.S.C. § 1391(a)-(b)(providing that venue for in a civil action is proper where the defendants reside or in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

So that plaintiff may file any amended complaint in the proper district, the court will grant Grandy's motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a).

### ORDER

IT IS ORDERED that plaintiff Rickey Grandy's motion for leave to amend (dkt.

# 14) is DENIED. So that plaintiff may re-file his complaint in the proper district, it is further ORDERED that plaintiff's alternative motion to voluntarily dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(a) (dkt. # 14) is GRANTED. Therefore, the clerk's office is directed to close this case.

Entered this 14th day of May, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge
